# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | | |
|---|---|---|
| **E. R., a minor, by and through** | ) | |
| **her next friend, D.R.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 11-03228** |
| **REPUBLIC R-III SCHOOL DISTRICT,** | ) | |
| **Serve:** | ) | |
| **Vern Minor, Superintendent** | ) | |
| **Republic R-III School District** | ) | |
| **518 North Hampton** | ) | |
| **Republic, MO 65738** | ) | |
| | ) | |
| **PATRICIA MITHELAVAGE,** | ) | |
| **Serve at:** | ) | |
| **713 West Glenwood** | ) | |
| **Springfield, MO 65807** | ) | |
| | ) | |
| **JONI RAGAIN,** | ) | |
| **Serve at:** | ) | |
| **Republic Middle School** | ) | |
| **1 Tiger Drive** | ) | |
| **Republic, MO 65738** | ) | |
| | ) | |
| **and ROBERT DUNCAN,** | ) | |
| **Serve at:** | ) | |
| **Republic R-III School District** | ) | |
| **518 North Hampton** | ) | |
| **Republic, MO 65738** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through her attorneys of record, Baird, Lightner, Millsap

& Harpool, and for her cause of action, hereby states and alleges as follows:

1

## PARTIES

1.      Plaintiff, E.R., is a citizen of the United States of America, and a resident of Greene County, Missouri, residing within the boundaries of the Republic R-III School District.

2.      E.R. is a minor, proceeding in this action by and through her mother and next-friend, D.R., a resident of Greene County, Missouri.

3.      At all relevant times, E.R. was a student attending the Republic R-III School District public schools.

4.      D.R. is E.R.'s mother and a resident of Greene County, Missouri.

5.      Defendant Republic R-III School District (hereinafter "School District") is a governmental body created by statute and organized under the laws of the state of Missouri to provide public education to the children that reside within its boundaries.

6.      School District is a public educational system that receives federal financial assistance from the United States of America and is subject to the applicability of Title IX of the Education Act of 1972, 20 U.S.C.A. § 1681.

7.      Defendant Patricia Mithelavage was at all relevant times the Principal of Republic Middle School and an employee of Defendant School District.  She is a resident of Greene County, Missouri, and is being sued in her official and individual capacities.

8.      Defendant Joni Ragain was at all relevant times a counselor at the Republic Middle School and an employee of School District.  Upon information and belief, she is a resident of Greene County, Missouri, and is being sued in her official and individual capacities.

9.      Defendant Robert Duncan was at all relevant times the school resource officer at the Republic Middle School and an employee of School District.  Upon information and belief,

he is a resident of Greene County, Missouri, and is being sued in his official and individual capacities.

10.    Hereinafter, the individual defendants will collectively be referred to as "School Officials."

## JURISDICTION AND VENUE

11.    This action is brought pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681 et seq., and 42 U.S.C. §§ 1983 and 1988 which provide for the redress of deprivation under the color of state law of rights granted by the United States Constitution and the laws of the United States.  Jurisdiction in this Court is therefore proper pursuant to 28 U.S.C. §§ 1331 and 1343(a).  Pursuant to 28 U.S.C. § 1367, the Court further has supplemental jurisdiction over E.R.'s claims arising under state law.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events and occurrences giving rise to Plaintiff's claims occurred in this judicial district.

## GENERAL AVERMENTS COMMON TO ALL CLAIMS

13.    E.R. was a student at the Republic Middle School during the 2008-2009 and 2009-2010 school years.

14.     E.R. is a special needs student whose education was subject to an Individualized Education Plan (IEP) during all relevant time periods.

15.    During the 2008-2009 school year, E.R., then a seventh grade student, was subjected to multiple sexual assaults on the premises of the Republic Middle School by a fellow student (hereinafter referred to as "F.S.").

3

16.     The sexual harassment and assaults culminated, during the spring semester of the 2008-2009 school year, in E.R. being forcibly raped by F.S. on the premises of the Republic Middle School .

17.     After the rape occurred in the spring of 2009, E.R. informed school authorities that the sexual harassment, assaults, and rape had taken place.

18.     E.R. reported the sexual harassment, assaults, and rape so that School Officials would protect her.

19.     The School District Student Handbook subjected students to discipline for sexual harassment and assault, defined as "[u]nwelcome physical contact based on gender or of a sexual nature when such conduct has the purpose or effect of unreasonably interfering with a student's educational performance or creates an intimidating, hostile, or offensive educational environment.  Examples include, but are not limited to, touching, fondling of the genital areas, breasts, or undergarments, regardless of whether or not the touching occurred through or under clothing."

20.     E.R. was required to attend a meeting at which School Officials were present.

21.     D.R. was not present at this meeting.

22.     During this meeting, E.R. described the sexual harassment, assaults, and rape perpetrated upon her.

23.     D.R. was later told to come to the school to discuss the events described by E.R.

24.     When D.R. arrived she was immediately informed by School Officials that they did not find E.R.'s allegations credible and that they believed E.R. had fabricated the assaults.

25.     F.S. was never disciplined for sexually harassing, assaulting or raping E.R. during the 2008-2009 school year.

4

26.     In the days following her report to School Officials, E.R. was subjected to multiple intimidating interrogations by School Officials at which D.R. was not present.

27.     During these interrogations, School Officials informed E.R. at various times that they thought she was lying about the rape and assaults.

28.     Within days after E.R. had informed school authorities that she had been raped, her mother was called and told that, during a meeting at which her mother was not present, E.R had recanted her allegations of rape and sexual assault.

29.     E.R. continued to tell D.R. and her counselor she had been raped.  E.R. said she finally told School Officials what they wanted to hear because they wouldn't believe her.

30.     Located in E.R.'s school file was a psychological report which clearly indicated that E.R. was conflict adverse, behaviorally passive, and "would forego her own needs and wishes to satisfy the request of others around so that she can be accepted, . . . ."

31.     School Officials neglected to review E.R.'s file and psychological profile before interviewing her.

32.     School Officials failed to refer E.R. to the Child Advocacy Counsel or a medical professional for a Sexual Assault Forensic Exam ("SAFE" exam) after her report of rape in the 2008-2009 school year.

33.     School Officials, although mandatory reporters under Missouri's Child Abuse Reporting Law, failed to report E.R.'s complaints to the Division of Family Services or to Greene County Juvenile Authorities.

34.     School Officials, without informing or receiving the permission of D.R., forced E.R. to write her rapist an apology letter which she was required to personally deliver to F.S.

35.   School Officials expelled E.R. for the remainder of the 2008-2009 school year for allegedly fabricating the story of her repeated sexual harassment, assault, and rape.

36.   School Officials referred E.R. to juvenile authorities for allegedly filing a false report.

37.   The suspension and referral to authorities was the result of School Officials' intent to retaliate against E.R. for the acts of reporting sexual harassment and abuse which were potentially embarrassing to the School District and to them as school supervisors.

38.   Before E.R. returned to Republic Middle School for the 2009-2010 school year, D.R. requested that the school provide additional monitoring for E.R. to ensure her protection and safety.

39.   School Officials not only rejected D.R.'s request that she receive additional monitoring and safety protections, but made absolutely no effort to separate or protect E.R. from F.S.

40.   During the 2009-2010 school year, E.R. was terrified that she would be sexually harassed, assaulted, or raped again at school, and was unable to sleep many nights.

41.   E.R. spent her time at school during the 2009-2010 school year trying to avoid F.S., and was therefore distracted and unable to focus on and take advantage of the benefits of her education.

42.   Despite her attempts to avoid F.S. during the 2009-2010 school year, E.R. endured repeated sexual assaults perpetrated by F.S. throughout the year.

43.   E.R. did not make additional reports to School Officials about these sexual assaults because she was afraid that she would be accused of lying and be kicked out of school, much like the previous time she had tried to get help.

44.    On or about February 16, 2010, during the spring semester of the 2009-2010 school year, F.S., not being subject to any surveillance or monitoring, was able to hunt E.R. down, drag her to the back of the school library, and again forcibly rape her.

45.    E.R. immediately informed school authorities that another rape had occurred.

46.    Instead of conducting a reasonable investigation, School Officials approached E.R.'s claims with the same skepticism as the year before, even going so far as to state that they had "already been through this."

47.    D.R. took E.R., to the Child Advocacy Center to undergo a Forensic Interview and Sexual Assault Forensic Exam ("SAFE" exam).

48.    The SAFE exam showed a positive finding for sexual assault.

49.    School Officials, however, suspended E.R. from school for "Disrespectful Conduct" and "Public Display of Affection," despite the results of the SAFE exam.

50.    This second suspension was motivated by School Officials' desire to retaliate against E.R. for reporting sexual harassment and abuse and potentially embarrassing the School District and Defendants.

51.    Semen collected from E.R.'s person by the Republic Police Department was found to be a DNA match to F.S.

52.    F.S. was taken into custody in Juvenile Court and plead guilty to charges brought against him.

53.    After examining E.R., psychological professionals found her to be suffering symptoms of post-traumatic stress disorder.

54.    Sexual assaults by F.S., E.R.'s efforts to avoid F.S. at school, and the discipline imposed on E.R. when she reported the assaults, all combined to interrupt and interfere with access to education at the School District.

## COUNT I – VIOLATION OF TITLE IX BY DEFENDANT SCHOOL DISTRICT

55.    Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 54, above, as if specifically set forth herein.

56.    School District is a public educational system that receives federal financial assistance from the government of the United States of America and is subject to the applicability of Title IX of the Education Act of 1972, 20 U.S.C.A. § 1681.

57.    E.R. was a female student at Republic Middle School and as such, a member of a protected class under Title IX of the Education Amendments of 1972, *supra*.

58.    School District had actual knowledge of the sexual assaults and rapes committed against E.R. by F.S., because E.R. informed School Officials that they had occurred.

59.    School Officials were all employees of School District and all were vested with the power to supervise the F.S. and to take action that would have ended his sexual abuse of E.R which occurred on school premises.

60.     School Officials intentionally or with deliberate indifference failed to take any action to end the abuse.

61.    During the 2008-2009 and 2009-2010 school years at Republic Middle School, E.R. was subjected to severe, pervasive, and objectively offensive sexual harassment in that she was forced to endure repeated sexual assaults, unwanted touching, and forcible rapes.

62.    E.R. was effectively barred from accessing the educational benefits and other opportunities provided by the school because the sexual assaults had a devastatingly adverse

8

impact on her ability to perform academically and to otherwise be a participating member in the school community in the following ways, including but limited to:

A.  E.R. was terrified to go to school each day and had numerous sleepless nights worrying about her attacker.

B.  E.R. began hiding at school and planning her day so as to avoid her attacker.

C.  E.R. was unable to focus on her school work and activities because of her preoccupation with being dragged away and sexually assaulted.

D.  E.R. was unable to focus on her school work and activities because of the School Officials' demonstrated failure and unwillingness to protect her from her attacker.

E.  E.R. was suspended twice by the school for informing School Officials that she had been the victim of rape, depriving her of her ability to receive the benefits of educational instruction and programs.

63.  School District was deliberately indifferent to the harassment endured by E.R. in that its response to the report that she was harassed, raped and sexually assaulted was clearly unreasonable in light of the known circumstances in the following ways, including but not limited to:

A.  School Officials immediately accused E.R. of lying about being raped without engaging in even minimal investigative steps such as reading E.R.'s school file or having her examined for evidence of rape by qualified medical personnel.

B.  Rather than investigate, School Officials engaged in an intentional and concerted campaign of intimidation and skepticism, designed to persuade  E.R.  to  recant her allegations.

9

C. After being informed that E.R. had been previously raped and sexually assaulted while at school, School Officials failed during the following school year to take any steps to ensure that E.R. was separated from her rapist or to provide additional protection.

D. Despite its failure to conduct even the semblance of a reasonable investigation, School Officials humiliated E.R. by forcing her to write an apology note to the individual who had forcibly raped her and to personally deliver the note to him.

E. Despite its failure to conduct even the appearance of a reasonable investigation, School Officials further humiliated E.R. by suspending her from school for the offenses of "Disrespectful Conduct" and "Public Display of Affection."

F. School Officials failed to refer E.R. for a SAFE exam by the Child Advocacy Center or a medical provider.

G. School Officials failed to report E.R.'s complaint to the Division of Family Services or the Greene County Juvenile Office even though they were mandatory reporters under Missouri's Child Abuse Reporting Law.

64. As a direct and proximate result of School District's deliberate indifference to reported acts of severe and objectively offensive discrimination which occurred under its control, E.R. has suffered damages in the following ways, including but not limited to:

A. Damages for her denial of access to an educational environment free from sexual harassment and abuse.

B. Damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish, and loss of enjoyment of life;

Case 6:11-cv-03228-JCE   Document 1   Filed 07/05/11   Page 10 of 23

C. Past, present, and future medical expenses for physical, emotional, and mental health.

65. Plaintiffs are entitled to an award of attorneys fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, based on the foregoing, as to Count I of this Complaint, plaintiff requests that the Court enter judgment in her favor and against School District for damages in an amount in excess of the minimum jurisdictional limits of this Court, for actual damages in such sum as will adequately compensate her for actual damages sustained, together with reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, for costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## COUNT II– VIOLATION OF TITLE IX BY DEFENDANT SCHOOL DISTRICT—RETALIATION FOR REPORTING SEXUAL HARRASSMENT

66. Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 65, above, as if specifically set forth herein.

67. Plaintiff E.R. engaged in a protected activity when she reported to school authorities that sexual assaults and rapes had been committed against her.

68. Plaintiff E.R's suspension from school after each instance in which she reported that she was sexually harassed, assaulted and raped, and School District's referral to juvenile authorities, constituted retaliation by District for reporting that sexual harassment had occurred.

69. E.R. suffered an adverse impact when School District retaliated against her in that the School District's retaliation had an adverse impact on her willingness, and the willingness of other students, to report further instances of sexual harassment.

11

70.     E.R. suffered an adverse impact when School District retaliated against her in that she was unable to take part in the benefits of a federally funded public school education during her suspension and her ability to take part was seriously compromised after.

71.     As a direct and proximate result of School District's retaliation, E.R. suffered damages in the following ways, including but not limited to:

A.     Damages for her denial of access to an educational environment free from sexual harassment and abuse.

B.     Denial of her ability to take part in federally funded educational instruction and programs.

C.     Damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life;

D.     Past, present, and future medical expenses for physical, emotional, and mental health.

72.     Plaintiffs are entitled to an award of attorneys fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, based on the foregoing, as to Count II of this Complaint, Plaintiff requests that the Court enter judgment in her favor and against School District for damages in an amount in excess of the minimum jurisdictional limits of this Court, for actual damages in such sum as will adequately compensate her for actual damages sustained, together with reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, for costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

12

## COUNT III – VIOLATION OF 42 U.S.C. § 1983
## BY DEFENDANTS MITHELAVAGE, RAGAIN, and DUNCAN
## FOR DENIAL OF E.R.'s LIBERTY INTEREST IN BODILY INTEGRITY
## CONTAINED IN THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT

73.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 72, above, as if specifically set forth herein

74.     School Officials were all employees of the Republic R-III School District, a governmental body created by statute to provide public education to the children that reside within its boundaries, and during all relevant time periods, acted under the color of state law.

75.     School Officials' actions and omissions impacted upon E.R.'s Fourteenth Amendment right under the Due Process Clause to a liberty interest in her bodily integrity.

76.      As a female special needs student, E.R. was a member of a limited and precisely defined group.

77.     School Officials' conduct, by failing to conduct a reasonable investigation into E.R.'s complaints, failing to protect E.R. from her rapist, and retaliating against her for reporting acts of sexual abuse, emboldened her rapist and left E.R. more vulnerable than before, placing E.R. at a significant risk of serious, immediate, and proximate harm.

78.     The risk to E.R.'s personal safety was known to School Officials because E.R. directly informed them that sexual assaults had occurred, and as a result of their actual knowledge could have taken steps to conduct a reasonable investigation and put a stop to the sexual assaults.

79.     School Officials acted recklessly in conscious disregard of and with deliberate indifference to the risk to E.R.'s safety by failing to conduct an investigation into her allegations of rape and sexual assault, by suspending her from school, and by failing to provide her with any protection from her rapist.

13

80. As a direct result, E.R. was subjected to forcible rape again at a later date.

81. As a whole, School Officials' conduct shocks the conscience.

82. School Officials' actions were intentional, willful, wanton, and displayed a deliberate, reckless, and callous indifference to E.R.'s federally protected rights such that E.R. is entitled to an award of punitive damages.

83. E.R.'s rights to a liberty interest in her bodily integrity, and to be free of rape, sexual assault, and sexual harassment were clearly established at all relevant times.

84. School Officials were aware of E.R.'s liberty interest in her bodily integrity, and her right to be free from rape, sexual assault, and sexual harassment and failed to take steps to protect these rights.

85. As a direct and proximate result of School Officials' deliberate indifference to known acts of constitutional deprivation, E.R. suffered damages in the following ways, including but not limited to:

    A. Damages for her denial of access to an educational environment free from sexual harassment and abuse.

    B. Damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life;

    C. Past, present, and future medical expenses for physical, emotional, and mental health.

    D. Punitive damages to deter School Officials and others from similar conduct in the future.

86. Plaintiffs are entitled to an award of attorneys fees pursuant to 42 U.S.C. § 1988.

14

WHEREFORE, based on the foregoing, as to Count III of this Complaint, Plaintiff requests that the Court enter judgment in her favor and against Defendants Mithelavage, Ragain, and Duncan, for damages in such sum as will adequately compensate her for actual damages sustained, punitive damages in such sum as will serve to punish these Defendants and deter others from similar conduct, together with reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, for costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

### COUNT IV – VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANTS MITHELAVAGE, RAGAIN, and DUNCAN FOR DENIAL OF EQUAL PROTECTION UNDER THE LAW AS REQUIRED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION

87.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 86, above, as if specifically set forth herein.

88.     School Officials were all employees of the Republic R-III School District, a governmental body created by statute to provide public education to the children that reside within its boundaries, and during all relevant time periods, acted under the color of state law.

89.     School Officials' conduct impacted upon E.R.'s constitutional right to equal protection under the law.

90.     As a female and a special needs student, E.R. is a member of an identifiable class.

91.     School Officials' failure to protect E.R. from known sexual harassment and abuse constituted a violation of her right to equal protection under the law resulting from her status as a female and special needs student.

92.     School Officials' failure to protect E.R. from sexual harassment and abuse was the result of Defendants' intent to discriminate against E.R. on the basis of her gender and her special needs.

15

93.    As supervisors at a state run institution, School Officials had a duty of care to protect E.R. from sexual harassment equally to the protection provided to other students.

94.    School Officials' breach of their duty resulted in a deprivation of E.R.'s right to equal protection under the law and to be free of sexual harassment.

95.    As a female and special needs student, E.R.'s right to equal protection under the law was clearly established at all relevant times.

96.    School Officials' knew that their failure to protect E.R. from sexual harassment and abuse was a violation of her clearly established rights.

97.    School Officials' actions were intentional, willful, wanton, and displayed a deliberate, reckless, and callous indifference to E.R.'s federally protected rights such that E.R. is entitled to an award of punitive damages.

98.    As a direct and proximate result of School Officials' deliberate indifference to known acts of constitutional deprivation, and their intentional gender discrimination and discrimination based on her special needs, E.R. suffered damages in the following ways, including but not limited to:

A.    Damages for her denial of access to an educational environment free from sexual harassment and abuse.

B.    Damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life;

C.    Past, present, and future medical expenses for physical, emotional, and mental health.

16

D.     Punitive damages to deter Defendants and others from similar conduct in the future.

99.     Plaintiffs are entitled to an award of attorneys fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, based on the foregoing, as to Count IV of this Complaint, Plaintiff requests that the Court enter judgment in her favor and against Defendants Mithelavage, Ragain, and Duncan, for damages in such sum as will adequately compensate her for actual damages sustained, punitive damages in such sum as will serve to punish these Defendants and deter others from similar conduct, together with reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, for costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## COUNT V – VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT SCHOOL DISTRICT FOR DENIAL OF E.R.'S RIGHTS CONTAINED IN THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION—FAILURE TO ADEQUATELY TRAIN AND SUPERVISE EMPLOYEES

100.     Plaintiffs incorporate each and every allegation set forth in paragraphs 1 through 99, above, as if specifically set forth herein.

101.     School District, through its employees, who were acting under color of law in their capacities as employees of the School District, deprived E.R. of her rights under the 14th Amendment to the Constitution of the United States to equal protection under the law and of her liberty interest in bodily integrity.

102.     School District failed to adequately train its employees in the handling and proper investigation of allegations of sexual harassment and abuse.

103.     School District's failure to train its employees reflects a reckless disregard for or deliberate indifference to the rights of students such that the inadequate training or supervision represent's School District's policy.

17

104.    The investigation of allegations of rape and sexual assault is a recurring necessity in which there is an obvious potential for violations, and in which there is an obvious need for training to avoid violations of citizens' and students' constitutional rights.

105.    The implementation of measures to protect school children from known acts of sexual assault is necessary to correct a potentially recurring activity in which there is an obvious potential for constitutional deprivations and an obvious need for training to avoid violations of citizens' constitutional rights.

106.    Defendants' acts of suspending E.R. multiple times when she reported that rapes and sexual assaults had been committed against her represents a pattern of unconstitutional conduct that was known to School District.

107.    School District's failure to correct this pattern represents a deliberate indifference to E.R.'s rights.

108.    School District's policy of failing to adequately train and supervise its employees was the actual and proximate cause of constitutional deprivations, repeated sexual assaults, and forcible rapes committed against E.R.

109.    As a direct and proximate result of School District's policy of failing to train its employees, E.R. suffered damages in the following ways, including but not limited to:

A.    Damages for her denial of access to an educational environment free from sexual harassment and abuse.

B.    Damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life;

18

C. Past, present, and future medical expenses for physical, emotional, and mental health.

110. Plaintiffs are entitled to an award of attorneys fees pursuant to 42 U.S.C. § 1988.

WHEREFORE, based on the foregoing, as to Count V of this Complaint, , Plaintiff requests that the Court enter judgment in her favor and against School District for damages in an amount in excess of the minimum jurisdictional limits of this Court, for actual damages in such sum as will adequately compensate her for actual damages sustained, together with reasonable attorneys' fees and expenses pursuant to 42 U.S.C. § 1988, for costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## COUNT VI – NEGLIGENCE OF DEFENDANTS MITHELAVAGE, RAGAIN, AND DUNCAN

111. E.R. incorporates each and every allegation set forth in paragraphs 1 through 110, above, as if specifically set forth herein.

112. School Officials owed to E.R. a duty to provide her with a safe public school education consistent with her constitutional and statutory rights and to perform a reasonable investigation of any claims of sexual harassment that were brought to their attention.

113. School Officials breached their duty to E.R. in one, more than one, or all of the following ways, including, but not limited to:

A. Failing to conduct a reasonable investigation in to E.R.'s claims;

B. Immediately assuming and accusing E.R. of lying without any evidence to the contrary;

C. Failing to have E.R. examined by qualified medical personnel to determine if there was medical evidence that would establish rape;

19

D. Failing to review E.R.'s school personnel file;

E. Failing to provide adequate supervision of E.R. and/or F.S. to prevent any more acts of sexual violence after being made aware of the first instances of assault in the spring of 2009; and

F. Failing to take appropriate action in response to continued harassment by F.S. against E.R.

G. Failing to report to the proper authorities that sexual abuse against E.R. had occurred.

114. School Officials breach of their duty to E.R. arose to the level of recklessness and gross negligence.

115. School Officials' breach of their duty to E.R. was a direct and proximate cause of E.R. being sexually assaulted by F.S. during the 2009-2010 school year at Republic Middle School.

116. School Officials' acts and omissions demonstrated a conscious disregard for E.R.'s safety, and the safety of other students, such that an award of punitive damages is warranted.

117. As a direct and proximate cause of School Officials' negligence, E.R. suffered damages in the following ways, including but not limited to:

A. Damages for her denial of access to an educational environment free from sexual harassment and abuse.

B. Damages suffered in the form of past, present, and future physical, psychological and emotional pain and suffering, mental anguish and loss of enjoyment of life;

C. Past, present, and future medical expenses for physical, emotional, and mental health.

D. Punitive damages to deter Defendants and others from similar conduct.

WHEREFORE, based on the foregoing, as to Count VI of this Complaint, Plaintiff requests that the Court enter judgment in her favor and against Defendants Mithelavage, Ragain, and Duncan, for damages in such sum as will adequately compensate her for actual damages sustained, punitive damages in such sum as will serve to punish these Defendants and deter others from similar conduct, for costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANTS MITHELAVAGE, RAGAIN, and DUNCAN

118. Plaintiff incorporates each and every allegation set forth in paragraphs 1 through 117, above, as if specifically set forth herein.

119. School Officials owed to E.R. a duty to provide her with a safe public school education consistent with her constitutional and statutory rights and to perform a reasonable investigation of any claims of sexual harassment that were brought to her attention.

120. School Officials' breached their duty to E.R. in one, more than one, or all of the following ways:

A. Failing to conduct a reasonable investigation in to E.R.'s claims;

B. Immediately assuming and accusing E.R. of lying without any evidence to the contrary;

C. Failing to have E.R. examined by qualified medical personnel to determine if there was medical evidence that would establish rape;

D. Failing to review E.R.'s school personnel file;

Case 6:11-cv-03228-JCE   Document 1   Filed 07/05/11   Page 21 of 23

E.  Failing to provide adequate supervision of E.R. and/or F.S. to prevent any more acts of sexual violence after being made aware of the first instances of assault in the spring of 2009; and

F.  Failing to take appropriate action in response to continued harassment by F.S. against E.R.

G.  Suspending E.R. from school without conducting adequate investigation.

H.  Forcing E.R. to write an apology letter to her rapist without conducting an adequate investigation or consulting with E.R.'s mother.

I.  Failing to report to the proper authorities that sexual abuse against E.R. had occurred.

121.  School Officials' breach of their duty to E.R. arose to the level of recklessness and gross negligence.

122.  School Officials' breach of their duty to E.R. was a direct and proximate cause of E.R. being repeatedly sexually assaulted by F.S. during the 2009-2010 school year at Republic Middle School.

123.  School Officials' breach of duty directly and proximately caused E.R. to suffer damages from emotional distress.

124.  School Officials knew or should have realized that their negligent conduct involved an unreasonable risk of causing E.R. emotional distress.

125.  School Officials' conduct caused E.R. to suffer medically diagnosable and significant emotional distress.

22

126.    School Officials' acts and omissions demonstrated a conscious disregard for E.R.'s emotional well being and safety, and the emotional well being and safety of other students, such that an award of punitive damages is warranted.

WHEREFORE, based on the foregoing, as to Count VII of this Complaint, Plaintiff requests that the Court enter judgment in her favor and against Defendants Mithelavage, Ragain, and Duncan, for damages in such sum as will adequately compensate her for actual damages sustained, punitive damages in such sum as will serve to punish these Defendants and deter others from similar conduct, for costs incurred herein, for interest as allowed by law, and for such other and further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff hereby requests a jury trial.

Respectfully submitted,

BAIRD, LIGHTNER, MILLSAP & HARPOOL, P.C.


By        /s/ M. Douglas Harpool
            M. DOUGLAS HARPOOL, Mo. Bar #28702
            JOHN R. LIGHTNER, Mo. Bar #30436
            1901-C South Ventura Avenue
            Springfield, MO 65804
            Telephone: (417) 887-0133
            Facsimile: (417) 887-8740
            johnl@blmhpc.com
            dharpool@blmhpc.com

            Attorneys for Plaintiff

23