IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| E. R., a minor, by and through<br>her next friend, D.R., | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v.<br>REPUBLIC R-III SCHOOL DISTRICT,<br>PATRICIA MITHELAVAGE,<br>JONI RAGAIN,<br>and ROBERT DUNCAN, | )<br>)<br>)<br>)<br>)<br>) | Case No. 11-03228 |
| Defendants. | )<br>) | |

**SUGGESTIONS IN SUPPORT OF
MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL
THE PETITION FOR APPOINTMENT OF NEXT FRIEND AND
CONSENT OF NEXT FRIEND**

COME NOW, Petitioner E.R., a minor, by and through her next friend, D.R., by and through their attorneys of record, Baird, Lightner, Millsap & Harpool, P.C., and pursuant to Federal Rule of Civil Procedure 5.2(d) and Rule 7(b)(1) and in support of the Motion for Leave to File Documents Under Seal the Petition for Appointment of Next Friend and Consent of Next Friend state as follows:

Federal Rule of Civil Procedure 5.2(a) states that

> [u]nless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial account number, a party or nonparty making the filing may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number.

1

Fed. R. Civ. P. 5.2(a) (WL 2011). Federal Rule of Civil Procedure 5.2(d) further states that "[t]he court may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d) (WL 2011).

Both the United States Supreme Court and the Eastern District of Missouri (quoting the Eighth Circuit) have addressed additional reasons for filing documents under seal. In <u>Globe Newspaper Co. v. Superior Court</u>, 457 U.S. 596 (1982), the United States Supreme Court acknowledged that "safeguarding the physical and psychological well-being of a minor" is a compelling state interest. <u>Id.</u> at 607. The Court also adopted a standard for determining whether records should be closed where a minor is the victim of a sex crime, stating that the court must determine "whether closure is necessary to protect the welfare of a minor victim." <u>Id.</u> at 608. In <u>Boyce v. Moberly Public School Dist.</u>, 2007 WL 1378427, 1 (E.D. Mo. 2007), the court stated that

> "[b]ecause the operations of the courts and the judicial conduct of judges are matters of utmost public concern, courts have long recognized the public's right to inspect and copy judicial records. See <u>Webster Groves School Dist. v. Pulitzer Pub. Co.</u>, 898 F.2d 1371, 1376 (8th Cir.1990) (quoting <u>Nixon v. Warner Communications</u>, 435 U.S. 589, 597 (1978). That right, however, is not absolute. <u>Id.</u> Rather, the decision of whether court records should be sealed is one committed to the sound discretion of the trial court. <u>Id.</u> The trial court is to balance the public's interest in access against the interest in protecting minors from the public dissemination of hurtful information. <u>Id.</u> at 1377.

<u>Boyce v. Moberly Public School Dist.</u>, 2007 WL 1378427, 1 (E.D. Mo. 2007).

Here, the Petition for Appointment of Next Friend and Consent to Next Friend should be sealed to ensure the well-being of the minor. Both the Petition for Appointment of Next Friend and Consent of Next Friend contain the name of the minor's guardian, from which the identity of the minor can be easily inferred. The disclosure of the identity of the minor could result in certain stigmas that often attach to the factual scenario that gave rise to the allegations made in

2

this case, which would be hurtful to the minor. In addition, the interest of protecting the minor's identity outweighs any public interest in disclosure. Public knowledge of the identity of the minor serves no public purpose, but could result in and psychological harm to the minor. Accordingly, the Court should grant the Motion for Leave to File Documents Under Seal the Petition for Appointment of Next Friend and Consent of Next Friend.

                        Respectfully submitted,

                    BAIRD, LIGHTNER, MILLSAP & HARPOOL, P.C.


                By    s/ Matt Cologna
                    M. DOUGLAS HARPOOL     #28702
                    MATT COLOGNA            #62020
                    1901-C South Ventura Avenue
                    Springfield, MO 65804
                    Telephone: (417) 887-0133
                    Facsimile: (417) 887-8740
                    Attorneys for E.R.