IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| E.R., A MINOR BY AND THROUGH HER NEXT FRIEND, D.R., </br></br>Plaintiff, </br></br>v. </br></br>REPUBLIC R-III SCHOOL DISTRICT, et al., </br></br>Defendants. | Case No. 11-03228-CV-S-ODS |

## ANSWER

COME NOW Defendants Republic R-III School District, Patricia Mithelavage, Joni Ragain, and Robert Duncan (collectively, "District Defendants"), by and through their attorneys, and for their Answer to Plaintiff's Complaint, state as follows:

## PARTIES

1. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 1 of Plaintiff's Complaint, and therefore, deny the same.

2. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 2 of Plaintiff's Complaint, and therefore, deny the same.

3. District Defendants admit only so much of paragraph 3 as alleges that E.R. was a student attending school in the Republic R-III School District. Except as expressly admitted herein, District Defendants deny each and every remaining allegation of fact and/or conclusion of law set out in paragraph 3 of Plaintiff's Complaint.

4. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 4 of Plaintiff's Complaint, and therefore, deny the same.

5. District Defendants admit only so much of paragraph 5 as alleges that the Republic R-III School District is a governmental body organized under the laws of the state of Missouri. Except as expressly admitted herein, District Defendants deny each and every remaining allegation of fact and/or conclusion of law set out in paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 is a legal conclusion for which no response is required. To the extent that a response may be required, District Defendants deny each allegation of fact and/or conclusion of law set forth in paragraph 6 of Plaintiff's Complaint.

7. District Defendants admit only so much of paragraph 7 as alleges that Patricia Mithelavage was the Principal of Republic Middle School in the Republic R-III School District. District Defendants further admit that Plaintiff purports to sue Patricia Mithelavage in her official and individual capacities. Additionally, District Defendants specifically deny that the District Defendants have waived or do waive any assertion of sovereign or official immunity from liability for any tort claims alleged by Plaintiff. Except as expressly admitted herein, District Defendants deny each and every remaining allegation of fact and/or conclusion of law set forth in paragraph 7 of Plaintiff's Complaint.

8. District Defendants admit only so much of paragraph 8 as alleges that Joni Ragain was a counselor at Republic Middle School in the Republic R-III School District. District Defendants further admit that Plaintiff purports to sue Joni Ragain in her official and individual capacities. Additionally, District Defendants specifically deny that the District Defendants have waived or do waive any assertion of sovereign or official immunity from liability for any tort claims

alleged by Plaintiff. Except as expressly admitted herein, District Defendants deny each and every remaining allegation of fact and/or conclusion of law set forth in paragraph 8 of Plaintiff's Complaint.

9. District Defendants admit only so much of paragraph 9 as alleges that Robert Duncan was a school resource officer in the Republic R-III School District. District Defendants further admit that Plaintiff purports to sue Robert Duncan in his official and individual capacities. Additionally, District Defendants specifically deny that the District Defendants have waived or do waive any assertion of sovereign or official immunity from liability for any tort claims alleged by Plaintiff. Except as expressly admitted herein, District Defendants deny each and every remaining allegation of fact and/or conclusion of law set forth in paragraph 9 of Plaintiff's Complaint.

10. Paragraph 10 contains no allegations of fact and/or conclusions of law, and does not require a response.

## JURISDICTION AND VENUE

11. Paragraph 11 is a legal conclusion for which no response is required. To the extent that a response may be required, District Defendants deny each allegation of fact and/or conclusion of law set forth in paragraph 11 of Plaintiff's Complaint. By way of further answer, District Defendants deny that Plaintiff has a viable cause of action pursuant to any statute, Constitutional provision, or other theory of law or fact.

12. Paragraph 12 is a legal conclusion for which no response is required. To the extent that a response may be required, District Defendants deny each allegation of fact and/or conclusion of law set forth in paragraph 12 of Plaintiff's Complaint.

## GENERAL AVERMENTS COMMON TO ALL CLAIMS

13. District Defendants admit the allegations of fact set forth in paragraph 13 of Plaintiff's Complaint.

14. District Defendants admit only so much of paragraph 14 as alleges that E.R. had an Individualized Education Plan ("IEP"). Except as expressly admitted herein, District Defendants deny each and every remaining allegation of fact and/or conclusion of law set forth in paragraph 14 of Plaintiff's Complaint.

15. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 15 of Plaintiff's Complaint.

16. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 16 of Plaintiff's Complaint.

17. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 17 of Plaintiff's Complaint.

18. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 18 of Plaintiff's Complaint.

19. District Defendants state that the Student Handbook speaks for itself. To the extent that a response may be required, District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 19 of Plaintiff's Complaint.

20. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 20 of Plaintiff's Complaint.

21. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 21 of Plaintiff's Complaint.

22. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 22 of Plaintiff's Complaint.

23. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 23 of Plaintiff's Complaint.

24. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 24 of Plaintiff's Complaint.

25. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 25 of Plaintiff's Complaint.

26. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 26 of Plaintiff's Complaint.

27. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 27 of Plaintiff's Complaint.

28. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 28 of Plaintiff's Complaint.

29. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 29 of Plaintiff's Complaint, and therefore, deny the same.

30. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 30 of Plaintiff's Complaint.

31. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 31 of Plaintiff's Complaint.

32. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 32 of Plaintiff's Complaint.

33. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 33 of Plaintiff's Complaint.

34. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 34 of Plaintiff's Complaint.

35. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 35 of Plaintiff's Complaint.

36. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 36 of Plaintiff's Complaint.

37. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 37 of Plaintiff's Complaint.

38. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 38 of Plaintiff's Complaint.

39. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 39 of Plaintiff's Complaint.

40. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 40 of Plaintiff's Complaint, and therefore, deny the same.

41. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 41 of Plaintiff's Complaint.

42. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 42 of Plaintiff's Complaint.

43. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 43 of Plaintiff's Complaint, and therefore, deny the same.

44. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 44 of Plaintiff's Complaint.

45. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 45 of Plaintiff's Complaint.

46. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 46 of Plaintiff's Complaint.

47. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 47 of Plaintiff's Complaint, and therefore, deny the same.

48. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 48 of Plaintiff's Complaint, and therefore, deny the same.

49. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 49 of Plaintiff's Complaint.

50. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 46 of Plaintiff's Complaint.

51. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 51 of Plaintiff's Complaint, and therefore, deny the same.

52. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 52 of Plaintiff's Complaint, and therefore, deny the same.

53. District Defendants are without knowledge or information sufficient to enable them to form a belief as to the veracity of the specific allegations of fact and/or conclusions of law set forth in paragraph 53 of Plaintiff's Complaint, and therefore, deny the same.

54. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 54 of Plaintiff's Complaint.

## **COUNT I – VIOLATION OF TITLE IX BY DEFENDANT SCHOOL DISTRICT**

55. District Defendants incorporate by reference their responses to paragraphs 1 through 54 as if set forth fully herein.

56. Paragraph 56 is a legal conclusion for which no response is required. To the extent that a response may be required, District Defendants deny each allegation of fact and/or conclusion of law set forth in paragraph 56 of Plaintiff's Complaint.

57. District Defendants admit only so much of paragraph 57 as alleges that E.R. was a female student who attended Republic Middle School. Paragraph 57 is a legal conclusion for which no response is required. Except as expressly admitted herein, and to the extent that a response may be required, District Defendants deny each allegation of fact and/or conclusion of law set forthin paragraph 57 of Plaintiff's Complaint.

58. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 58 of Plaintiff's Complaint.

59. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 59 of Plaintiff's Complaint.

60. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 60 of Plaintiff's Complaint.

61. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 61 of Plaintiff's Complaint.

62. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 62, including subparagraphs A through E, of Plaintiff's Complaint.

63. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 63, including subparagraphs A through G, of Plaintiff's Complaint.

64. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 64, including subparagraphs A through C, of Plaintiff's Complaint.

65. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 65 of Plaintiff's Complaint.

District Defendants deny all allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count I of Plaintiff's Complaint. District Defendants further deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count I of Plaintiff's Complaint. Thus, District Defendants respectfully request that this Court dismiss Count I of Plaintiff's Complaint in the entirety.

### **COUNT II – VIOLATION OF TITLE IX BY DEFENDANT SCHOOL DISTRICT – RETALIATION FOR REPORTING SEXUAL HARASSMENT**

66. District Defendants incorporate by reference their responses to paragraphs 1 through 65 as if set forth fully herein.

67. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 67 of Plaintiff's Complaint.

68. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 68 of Plaintiff's Complaint.

69. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 69 of Plaintiff's Complaint.

70. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 70 of Plaintiff's Complaint.

71. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 71, including subparagraphs A through D, of Plaintiff's Complaint.

72. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 72 of Plaintiff's Complaint.

District Defendants deny all allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count II of Plaintiff's Complaint. District Defendants further deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count II of Plaintiff's Complaint. Thus, District Defendants respectfully request that this Court dismiss Count II of Plaintiff's Complaint in the entirety.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANTS MITHELAVAGE, RAGAIN, AND DUNCAN FOR DENIAL OF E.R.'S LIBERTY INTEREST IN BODILY INTEGRITY CONTAINED IN THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT

73. District Defendants incorporate by reference their responses to paragraphs 1 through 72 as if set forth fully herein.

74. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 74 of Plaintiff's Complaint.

75. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 75 of Plaintiff's Complaint.

76. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 76 of Plaintiff's Complaint.

77. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 77 of Plaintiff's Complaint.

78. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 78 of Plaintiff's Complaint.

79. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 79 of Plaintiff's Complaint.

80. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 80 of Plaintiff's Complaint.

81. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 81 of Plaintiff's Complaint.

82. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 82 of Plaintiff's Complaint.

83. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 83 of Plaintiff's Complaint.

84. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 84 of Plaintiff's Complaint.

85. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 85, including subparagraphs A through D, of Plaintiff's Complaint.

86. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 86 of Plaintiff's Complaint.

District Defendants deny all allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count III of Plaintiff's Complaint. District Defendants further deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count III of Plaintiff's Complaint. Thus, District Defendants respectfully request that this Court dismiss Count III of Plaintiff's Complaint in the entirety.

**COUNT IV – VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANTS MITHELAVAGE, RAGAIN AND DUNCAN FOR DENIAL OF EQUAL PROTECTION UNDER THE LAW AS REQUIRED BY THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION**

87. District Defendants incorporate by reference their responses to paragraphs 1 through 86 as if set forth fully herein.

88. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 88 of Plaintiff's Complaint.

89. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 89 of Plaintiff's Complaint.

90. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 90 of Plaintiff's Complaint.

91. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 91 of Plaintiff's Complaint.

92. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 92 of Plaintiff's Complaint.

93. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 93 of Plaintiff's Complaint.

94. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 94 of Plaintiff's Complaint.

95. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 95 of Plaintiff's Complaint.

96. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 96 of Plaintiff's Complaint.

97. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 97 of Plaintiff's Complaint.

98. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 98, including subparagraphs A through D, of Plaintiff's Complaint.

99. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 99 of Plaintiff's Complaint.

District Defendants deny all allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count IV of Plaintiff's Complaint. District Defendants further deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count IV of Plaintiff's Complaint. Thus, District Defendants respectfully request that this Court dismiss Count IV of Plaintiff's Complaint in the entirety.

### COUNT V – VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT SCHOOL DISTRICT FOR DENIAL OF E.R.'S RIGHTS CONTAINED IN THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION – FAILURE TO ADEQUATELY TRAIN AND SUPERVISE EMPLOYEES

100. District Defendants incorporate by reference their responses to paragraphs 1 through 99 as if set forth fully herein.

101. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 101 of Plaintiff's Complaint.

102. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 102 of Plaintiff's Complaint.

103. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 103 of Plaintiff's Complaint.

104. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 104 of Plaintiff's Complaint.

105. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 105 of Plaintiff's Complaint.

106. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 106 of Plaintiff's Complaint.

107. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 107 of Plaintiff's Complaint.

108. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 108 of Plaintiff's Complaint.

109. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 109, including subparagraphs A through C, of Plaintiff's Complaint.

110. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 110 of Plaintiff's Complaint.

District Defendants deny all allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count V of Plaintiff's Complaint. District Defendants further deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count V of Plaintiff's Complaint. Thus, District Defendants respectfully request that this Court dismiss Count V of Plaintiff's Complaint in the entirety.

## COUNT VI – NEGLIGENCE OF DEFENDANTS MITHELAVAGE, RAGAIN, AND DUNCAN

111. District Defendants incorporate by reference their responses to paragraphs 1 through 110 as if set forth fully herein.

112. Paragraph 112 is a legal conclusion for which no response is required. To the extent that a response may be required, District Defendants deny each allegation of fact and/or conclusion of law set forth in paragraph 112 of Plaintiff's Complaint.

113. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 113, including paragraphs A through G, of Plaintiff's Complaint.

114. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 114 of Plaintiff's Complaint.

115. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 115 of Plaintiff's Complaint.

116. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 116 of Plaintiff's Complaint.

117. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 117, including subparagraphs A through D, of Plaintiff's Complaint.

District Defendants deny all allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count VI of Plaintiff's Complaint. District Defendants further deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count VI of Plaintiff's Complaint. Thus, District Defendants respectfully request that this Court dismiss Count VI of Plaintiff's Complaint in the entirety.

## COUNT VII – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANTS MITHELAVAGE, RAGAIN, AND DUNCAN

118. District Defendants incorporate by reference their responses to paragraphs 1 through 117 as if set forth fully herein.

119. Paragraph 119 is a legal conclusion for which no response is required. To the extent that a response may be required, District Defendants deny each allegation of fact and/or conclusion of law set forth in paragraph 119 of Plaintiff's Complaint.

120. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 120, including subparagraphs A through I, of Plaintiff's Complaint.

121. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 121 of Plaintiff's Complaint.

122. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 122 of Plaintiff's Complaint.

123. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 123 of Plaintiff's Complaint.

124. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 124 of Plaintiff's Complaint.

125. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 125 of Plaintiff's Complaint.

126. District Defendants deny the allegations of fact and/or conclusions of law set forth in paragraph 126 of Plaintiff's Complaint.

District Defendants deny all allegations of fact and/or conclusions of law contained in the WHEREFORE clause of Count VII of Plaintiff's Complaint. District Defendants further deny that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause of Count VII of Plaintiff's

Complaint. Thus, District Defendants respectfully request that this Court dismiss Count VII of Plaintiff's Complaint in the entirety.

## JURY DEMAND

District Defendants admit that Plaintiff purports to seek a jury trial. By way of further answer, District Defendants deny that Plaintiff has a viable cause of action pursuant to any statute, Constitutional provision, or other theory of law or fact.

## AFFIRMATIVE DEFENSES

By way of further answer, and as affirmative defenses, District Defendants respond to Plaintiff's Complaint as follows:

1. District Defendants deny each and every allegation of fact and/or conclusion of law that is not expressly and specifically admitted herein.

2. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

3. Some or all of Plaintiff's claims are barred because they have failed to comply with all jurisdictional prerequisites.

4. Some or all of Plaintiff's claims are barred because they have failed to exhaust their administrative remedies.

5. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

6. Some or all of Plaintiff's claims are barred by waiver, laches, and/or estoppel.

7. District Defendants at all relevant times acted in good faith and with the belief that they were conducting themselves in a manner that did not violate established principles of law of which they were aware or should have been aware.

8. District Defendants' actions with respect to Plaintiff were justified and necessary.

9. Some or all of Plaintiff's claims for punitive damages are barred by law.

10. Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity.

11. Some or all of Plaintiff's claims are barred by the doctrine of official immunity.

12. Some or all of Plaintiff's claims are barred by the doctrine of qualified immunity.

13. Some or all of Plaintiff's claims are barred by the public duty doctrine.

14. Plaintiff's claims are barred because even if an impermissible motivating factor had been a determining factor in District Defendants' decisions with respect to Plaintiff, which District Defendants deny, District Defendants would have taken the same action in the absence of any impermissible motivating factor.

15. All actions taken by the District Defendants with respect to allegations contained in this Complaint were taken on the good faith belief that District Defendants' action complied with all applicable laws.

16. Some or all of Plaintiff's claims are barred because Plaintiff has failed to plead their claims with sufficient particularity.

17. Some or all of Plaintiff's claims are barred because actions taken by the District Defendants are not the proximate cause of any injuries that may have been suffered by Plaintiff.

18. Plaintiff has failed and neglected to use reasonable means to protect herself from loss and to mitigate the alleged losses and damages included in the Complaint.

19. Plaintiff's claims against the District Defendants are frivolous, and have no basis in fact or law; therefore, the District Defendants are entitled to an award of their reasonable attorneys' fees and costs.

20. Any damages that the Plaintiff may have sustained were as a result of the negligence, carelessness, or conduct of third parties over whom the District Defendants had neither control nor the right to control.

WHEREFORE, having fully answered, the District Defendants respectfully request that this Court (1) dismiss Plaintiff's Complaint in its entirety, or in the alternative, that the Court enter judgment in favor of the District Defendants, and (2) further enter its Order granting District Defendants their reasonable attorneys' fees and costs, and for such further other relief as the Court may deem just and proper.

Respectfully submitted,

**TUETH, KEENEY, COOPER, MOHAN & JACKSTADT, P.C.**

By: /s/ Celynda L. Brasher
Celynda L. Brasher, #38243
Michelle H. Basi, #54943
34 N. Meramec, Suite 600
St. Louis, Missouri 63105
314.880.3600
314.880.3601 – facsimile
cbrasher@tuethkeeney.com
mbasi@tuethkeeney.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July 2011, the foregoing ANSWER was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon:

M. Douglas Harpool
Baird, Lightner, Millsap & Harpool, P.C.
1901-C S. Ventura Ave.
Springfield, MO 65804

*Attorney for Plaintiff*

/s/ Celynda L. Brasher